## Case No. 3,140.

### CONTEE et al. v. GODFREY.

[1 Cranch, C. C. 479.][1]

Circuit Court, District of Columbia. June Term, 1808.

EVIDENCE OF DEED—DESCENT — INHERITANCE BY ALIEN—DECREE OF PARTITION—EFFECT—ESTOPPEL.

1. The rent-rolls and books of the lord proprietors of Maryland may be given in evidence to supply the want of a deed, and may be explained by parol.

2. If one of four parceners be an alien the whole descends to the remaining three.

3. A British subject could not, in 1793, inherit lands in the United States from a citizen of the United States.

4. The statute of 7 Anne, c. 5, § 3, does not apply to children born under the same allegiance with that of their father.

5. A decree of partition between heirs, some of whom are aliens, does not estop those who were not aliens from claiming the whole in ejectment.

6. A decree of partition does not pass any thing from one coparcener to another.

[See note at end of case.]

Ejectment for a tract of land called "Argyle, Cowell, and Lawn."

The plaintiff, to support his title, produced a patent from Lord Baltimore, dated December 8, 1722, to Randal Black, and a deed from John Bradford to Richard Lee, for the same land, dated August 3, 1737, but did not produce any deed from Black to Bradford. As evidence from which the jury might presume such a deed, he offered to read the entries in the lord proprietors' books, charging Richard Lee with the quitrents of a tract called "Augle," and offered parol evidence to prove that "Augle" meant "Argyle, Cowell, and Lawn."

P. B. Key, for defendant, objected that parol evidence could not be admitted to explain the record.

But THE COURT (CRANCH, Chief Judge, contra) permitted the evidence to be given.

Evidence was also given of the possession of Richard Lee and his heirs down to Russell Lee, who was a citizen of the United States, and died intestate in 1793,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

leaving four sisters his heirs at law, one of whom (Mrs. Dawson) was a British subject at the time of his death. See Dawson v. Godfrey (Sup. Ct. U. S.) 4 Cranch [8 U. S.] 321. The other three were citizens of the United States, and are the lessors of the plaintiff in this action.

THE COURT (nem. con.) instructed the jury that if they found the facts to be as stated, they ought to presume a valid deed of conveyance from Black to Bradford.

Mr. Key, for defendant, contended that the plaintiff could not recover the share which would have descended to Mrs. Dawson if she had not been an alien; and that the four sisters constituted but one heir. 2 Bl. Comm. 187; Bac. Abr. tit. "Parcener;" Co. Litt. 163b; Id. 8a.

C. Lee and Mr. Jones, for plaintiff, relied upon the opinion of the supreme court of the United States in the case of Dawson v. Godfrey, 4 Cranch [8 U. S.] 321.

THE COURT (nem. con.) was of opinion, upon the authority of that case, that Mrs. Dawson was to be considered as an alien born, and as never having had a right to inherit lands in the United States; and consequently, that the whole land descended to the three other sisters, the lessors of the plaintiff.

Mr. Key then contended, that as the father of the four sisters was born in Maryland, and was there at the time of the Revolution, he was a natural-born subject of the state of Maryland, and that his child (Mrs. Dawson) born out of the allegiance of that state, was a subject of that state, and entitled to inherit under the English statute of 7 Anne, c. 5, § 3, which he contended was in force in Maryland, by virtue of the bill of rights of that state.

THE COURT (nem. con., but not without some doubt) was of opinion that the statute of 7 Anne, c. 5, § 3, did not protect the right of Mrs. Dawson. She and her parents were under the same allegiance at the time of her birth; and if the statute is adopted by the bill of rights of 1777, yet it cannot look back and make her born under a different allegiance, contrary to the fact.

Mr. Key then contended that the lessors of the plaintiff were estopped by the decree of partition made by the chancellor of Maryland, from denying Mrs. Dawson's right.

But THE COURT decided that they were not estopped.

Mr. Key then contended that Mrs. Dawson took by purchase under the decree, and not by descent; and can therefore take and hold until office found, especially as the chancellor had decreed that she should pay money to the other heirs, in consequence of having had the largest portion allotted to her in the partition.

But, PER CURIAM, the partition passed nothing from the three sisters to Mrs. Dawson. The decree cannot be enforced, as it was founded upon a mistake of the rights of the parties; and there is no evidence of the money having been paid.

Verdict for the plaintiffs. Bills of exceptions were taken, but no writ of error was prosecuted.

[NOTE. In the decision of the supreme court, relied upon by plaintiff, it was held that as the common law, which was the law of Maryland, deprived an alien of the right of inheriting, there was no exception giving the right to inherit distinctly from the obligation of allegiance existing either in fact or in supposition of law. Mr. Justice Johnson delivered the opinion. Dawson v. Godfrey, 4 Cranch, (8 U. S.) 321.]